UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DONALD SHARP,

    Plaintiff,

v.                                                             Civ. No. 21-826 MV/GJF

NATIONAL AERONAUTICS
SPACE ADMINISTRATION,

    Defendant.

## ORDER TO CURE DEFICIENCY

THIS MATTER comes before the Court on Plaintiff's Civil Letter-Complaint [ECF 1]. Plaintiff is detained at Cibola County Correctional Institution and is proceeding *pro se*. He seeks damages based on what he alleges are NASA's racketeering activities. The filing is deficient because Plaintiff failed to prepay the $402 civil filing fee, or alternatively, file a motion to proceed *in forma pauperis* along with a six-month account statement. *See* 28 U.S.C. § 1915(a)(2). Plaintiff acknowledges the filing fee requirement in a letter attached to the Complaint. He states: "I have less than $1,000. I have a public defender and an EBT card. I should not have to prove this every single time I file a claim. IT IS STUPID!" [ECF 1 at 5].

Plaintiff's construction of § 1915 is contrary to federal law. Section 1915 is designed "to reduce … prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quotations omitted). Congress determined that prisoners must "bear some marginal cost for each legal activity." *Id.* Accordingly, § "1915(b)(1) calls for assessment of 'an initial partial filing fee' *each time* a prisoner 'brings a civil action,'" and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for *each action*

pursued." *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016) (emphasis added).

Plaintiff must therefore prepay the filing fee or file a motion to proceed *in forma pauperis* within thirty (30) days of entry of this Order. Any *in forma pauperis* motion must attach a copy of Plaintiff's six-month inmate account statement. The Court will use that statement to assess an initial partial payment of "20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). "[T]he initial partial filing fee" will "be assessed on a per-case basis, *i.e.*, each time [Plaintiff] files a lawsuit." *Bruce*, 577 U.S. at 84. Thereafter, Plaintiff must pay 20 percent of his monthly income until the filing fee is paid in full, in each case. *Id.* at 90. All filings must include the case number (Civ. No. 21-826 MV/GJF). The failure to timely comply with this Order will result in dismissal of this case without further notice.

**IT IS THEREFORE ORDERED** that, no later than **September 27, 2021**, Plaintiff must either (1) prepay the $402 filing fee or (2) file a motion to proceed *in forma pauperis* along with an inmate account statement reflecting transactions between **February 25, 2021 and August 25, 2021**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail Plaintiff a blank *in forma pauperis* motion.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE