IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

     Plaintiff,

v.                                      Case No. 21-cv-826 MV-GJF

NATIONAL AERONAUTICS SPACE ADMINISTRATION,

     Defendant.

**MEMORANDUM OPINION AND ORDER**

     This matter is before the Court on Plaintiff Donald "Tommy" Sharp's Civil Complaint (Doc. 1) (Complaint). Also before the Court are his Motions to Proceed *In Forma Pauperis* (Doc. 3) and Discharge All Fees and Costs (Doc. 6). Sharp is incarcerated and proceeding *pro se*. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will grant *in forma pauperis* relief but dismiss the Complaint with prejudice.

**I.    Background**

     Sharp is a federal pretrial detainee. He asserts that the National Aeronautics and Space Administration (NASA) "fakes space to steal money from the public trust." Doc. 1 at 1. According to Sharp, NASA does this by "film[ing] Mars Rover activities in a remote desert in Greenland." *Id.* To support his claim, Sharp states:

     (a) NASA's photos of "dust devils on Mars" are fake because it is mathematically impossible for dust devils to form on Mars;

     (b) Mars' atmosphere cannot support a drone helicopter;

     (c) The colors in the photos of Mars are clearly manipulated;

     (d) Photos exist of NASA employees "hiding behind rocks" and controlling the Mars Rover

while pretending to operate it from another planet, and a fake video exists of the U.S. Space Station;

(e)  The Apollo Mission was fake and actually took place on Earth, as evidenced by the perfectly preserved photographs and a confession by Hollywood Director Stanley Kubrick; and

(f)  It is impossible for an astronaut to spend a year in orbit and remain in good health. Doc. 1 at 1-3.

Based on the alleged fraud, Sharp asks the Court to shut down the "RICO fraud operation that is NASA," "arrest and prosecut[e] … all NASA employees," and order the "execution for treason of the principals-in-charge."  Doc. 1 at 3.  He also seeks at least $100 million in damages and the exposure of the "hoax." *Id.*  If NASA refuses to "tell the truth about space," Sharp asks the Court to apply the "maximum penalty of death."  *Id.*

Sharp filed an *in forma pauperis* motion, in which he attests that he cannot afford to prepay the filing fee.  *See* Doc. 3.  He has not submitted a six-month account statement but, in the interest of efficiency and because the allegations fail on the merits, the Court will grant the *in forma pauperis* motion (Doc. 3) and screen the Complaint.  The Court will deny the Motion to Discharge All Fees and Costs (Doc. 6) because "the relevant [*in forma pauperis*] statute excuses 'only prepayment of fees.'"  *United States v. Carter,* 837 F. App'x 614, 617 (10th Cir. 2020) (quoting 28 U.S.C. § 1915(a)(1)).  Sharp remains obligated to pay the filing fee at a later time, *see id.,* and this ruling has no impact on the filing fee in other cases.

## II.   Standards Governing Initial Review

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints.  The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e).  The Court may also

dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if a *pro se* inmate complaint fails to state a claim on initial screening, courts may grant leave to amend unless amendment would be futile. *Id.*

## III.   Discussion

The crux of the Complaint is that NASA "fakes space." Sharp believes that space either does not exist or remains unexplored. In instances such as these, § 1915 "accords judges … the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions … describe[e] fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A case is not frivolous simply because it alleges facts that are "unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Rather, the facts alleged must "rise to the level of the irrational or the wholly incredible" and "lack[] an arguable basis either in law or in fact."

*Neitzke*, 490 U.S. at 328.

The Tenth Circuit has relied on this authority to reject claims against the "NASA campus" involving "freedom of thought violations" and radiation experiments. *Bahrampour v. Sec'y of Air Force*, 794 Fe. App'x 802, 803 (10th Cir. 2020). It has also rejected conspiracy theories regarding the misuse of "satellite[s] in outer space." *Flores v. U.S. Atty. Gen.*, 442 F. App'x 383, 384 (10th Cir. 2011). Sharp's claims against NASA are similarly incredible and have no basis in law or fact. The Court will dismiss the Complaint under 28 U.S.C. § 1915(e) as frivolous and for failure to state a cognizable claim. *Pro se* prisoners are often given an opportunity to amend if the pleading defects are attributable to their ignorance of federal law. *See Hall*, 935 F.2d at 1110. However, the Court need not *sua sponte* invite an amendment here because Sharp's theory is factually frivolous. Sharp is admonished to stop using rhetoric regarding execution and the death penalty. Any such writings will be forwarded to the United States Marshal.

**IT IS ORDERED** that the Motion to Proceed *In Forma Pauperis* (**Doc. 3**) is **GRANTED**; but the Motion to Discharge All Fees and Costs (**Doc. 6**) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Donald "Tommy" Sharp's Civil Complaint (Doc. 1) is **DISMISSED with prejudice** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e); and the Court will enter a separate judgment closing the case.

_____
UNITED STATES DISTRICT JUDGE